UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

HEATHER L. HUNTER,
    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

No. 2:14-CV-00383-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 13 & 14. Attorney Lora Lee Stover represents Heather Loree Hunter ("Plaintiff"), and Special Assistant United States Attorney Christopher J. Brackett represents Defendant Commissioner of Social Security (the "Commissioner"). Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

Court grants Defendant's Motion for Summary Judgment, and directs entry of Judgment in favor of Defendant.

## I. Jurisdiction

Plaintiff filed an application for Supplemental Security Income on or about April 8, 2009. AR 24. The alleged onset date of disability was September 1, 2002. AR 184. Administrative Law Judge ("ALJ") James W. Sherry held a hearing on May 8, 2013, and found the Plaintiff was not disabled within the meaning of the Social Security Act on May 29, 2013. AR 19-44.

Plaintiff appealed the ALJ's decision on June 17, 2013. AR 16. The Appeals Council upheld the ALJ's decision on October 8, 2014, and the ALJ's decision became the final decision of the Commissioner. AR 1-4.

Plaintiff filed the present action for judicial review on November 20, 2014. ECF No. 4. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

**Step one** inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

**Step two** asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 &

416.908-09.  If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required.  Otherwise, the evaluation proceeds to the third step.

**Step three** involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings").  If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits.  *Id.*  If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

**Step four** examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f).  If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends.  *Id.*

**Step five** shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c).  To meet this burden, the Commissioner must establish that (1) the claimant is capable of

performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.   Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").

### IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here. Plaintiff was thirty-six years old on the date of the hearing. AR 51. Plaintiff attended school through the seventh grade, but she did receive her GED. AR 52. She is able to read, write, and do basic math. AR 53-54. Plaintiff has no relevant work history. AR 55.

### V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act since April 8, 2009, the application date. AR 38.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 8, 2009, per 20 C.F.R. § 404.1571 *et seq.* AR 24.

**At step two**, the ALJ found Plaintiff had the following severe impairments: irritable bowel syndrome; lumbar spine degenerative disc disease with facet arthrosis; cervical spine degenerative disc disease, mild; adjustment disorder with

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

anxious mood; depressive disorder, NOS/dysthymia; borderline intellectual functioning; undifferentiated somatoform disorder, per 20 CFR § 404.1520(c). AR 24.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1. AR 25.

At **step four**, relying on the vocational expert's testimony, the ALJ found Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR § 404.1567(b), except she can lift or carry no more than twenty pounds occasionally, ten pounds frequently and push or pull within lifting restrictions; she can stand or walk for about six hours and sit for about six hours in a work day; she can occasionally crouch, kneel, crawl, and climb ladders, ropes, and scaffolds; she can frequently stoop and climb ramps or stairs; she should avoid excessive vibration, unprotected heights, use of moving machinery, poorly ventilated areas, and irritants such as fumes, odors, dusts, chemicals, and gasses; she can understand and remember simple instructions; perform simple, routine repetitive tasks on a reasonably consistent basis; she can perform no fast-paced production requirements due to difficulties with extended concentration, attention, and pace, yet she can perform simple, routine repetitive tasks at accepted levels; she can interact with the general public no more than superficially; she can appropriately

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

interact with coworkers on a cooperative basis and accept routine supervision from supervisors. AR 27-28.

Transferability of job skills is not an issue because Plaintiff has no past relevant work. AR 37.

At **step five**, the ALJ found that, after considering Plaintiff's age, education, work experience, and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 37-38. These include fast food worker, cashier II, and office helper. AR 38. Moreover, the vocational expert testified that even with additional limitations or limiting Plaintiff to a sedentary work level, there are still a significant number of jobs that Plaintiff could perform. *Id.*

## VI.   Issues for Review

Plaintiff alleges that: (1) the ALJ erred in his step two analysis by failing to find Plaintiff has a severe anxiety disorder and chronic pain disorder; (2) the ALJ erred in assessing Plaintiff's residual functional capacity; (3) the ALJ erred by posing an incomplete hypothetical to the vocational expert; and (4) the ALJ erred in assessing Plaintiff's credibility. ECF No. 13 at 11. Plaintiff asserts that the record as a whole does not support the determination that Plaintiff is not disabled. *Id.*

//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

## VII. Discussion

**A. The ALJ did not err in his determination of severe impairments.**

At step two, the ALJ found Plaintiff to have three physical severe disabilities and three mental severe disabilities. AR 24. Nevertheless, Plaintiff alleges the ALJ erred by failing to find Plaintiff's chronic pain disorder and post-traumatic stress disorder ("PTSD") as severe impairments. ECF No. 13 at 14.

The ALJ did find an undifferentiated somatoform disorder, which encompasses chronic pain, AR 24; however, the ALJ does not find that Plaintiff's fibromyalgia is severe. AR 25. SSR 12-2p provides guidelines for determining fibromyalgia as a medically determinable impairment. SSR 12-2p (2012). The ALJ explained that he did not find it to be a severe impairment because the medical record does not corroborate persistent signs or symptoms of fibromyalgia during her treatment. AR 25.

The ALJ does not address PTSD at step two. In his step four analysis, he does note that Dr. Kayleen Islam-Zwart, Ph.D., diagnosed Plaintiff with PTSD. AR 35. Dr. Joyce Everhart, Ph.D., also noted a history PTSD, but it was based only on self-reporting by Plaintiff. AR 349.

Even if the ALJ should have found Plaintiff's PTSD to be severe at step two, the error was harmless, because the ALJ found multiple other severe disabilities, which allowed the analysis to proceed. 20 C.F.R. § 416.920(c) (2012) requires that

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

at least one severe impairment be found for the analysis to proceed. All limitations, even non-severe, must be considered when determining Plaintiff's residual functional capacity. SSR 96-8p (1996). Therefore, because the ALJ continued to analyze Plaintiff's overall disability and considered the non-severe limitations as well as severe, the error was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

**B. The ALJ did not err in his assessment of Plaintiff's credibility.**

An ALJ must make a credibility finding with sufficient specificity to allow the court to conclude the decision to discredit testimony was not arbitrary. *Thomas v. Barnard*, 278 F.3d 947, 958 (9th Cir. 2002). To determine whether a claimant's testimony regarding subjective symptoms is credible, an ALJ engages in a two-step analysis. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir.1996). When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999).

ALJ Sherry determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms"; however, the ALJ also found that Claimant's statements regarding the intensity, persistence, and limiting effects of these symptoms were not fully credible. *Id.* The ALJ cited multiple specific, clear, and convincing reasons that are substantially supported by the record for the decision regarding Plaintiff's credibility. AR 30-37. The Court does not find that the ALJ erred in determining Plaintiff's subjective complaints and alleged limitations were not fully persuasive for the reasons set forth below.

### i. Inconsistency between the medical record and Plaintiff's allegations of disabling symptoms

Primarily, the ALJ found that the level of disabling symptoms Plaintiff alleged was not supported by the objective medical findings in the record. AR 30.

This assessment took into account both physical and mental limitations alleged by Plaintiff.

### a. Physical Limitations

Very few of Plaintiff's radiological and clinical procedures reveal any significant findings, particularly with regard to her gastrointestinal issues. An October 2009 CT scan of Plaintiff's abdomen ordered by Dr. Lylanya Cox, M.D., was negative for acute findings. AR 559. Plaintiff had another CT scan on her abdomen on March 20, 2010, when she reported to the emergency room with abdominal pain, but this CT scan also failed to reveal acute findings. AR 458-459. Likewise, a CT scan in June 2010, ordered by Dr. Paula Silha, M.D., showed no acute findings or changes since the March 2010 CT scan. AR 463. In fact, Dr. Silha attributed Plaintiff's gastrointestinal issues to poor eating habits and a side effect of her narcotic pain medication. *Id.* Additional abdominal CT scans in June and July 2011 indicated no acute findings beyond a small amount of constipation. AR 483-484, 542. Finally, endoscopies in July and November 2011 by Dr. Andrew Feld, M.D., indicated normal findings, as did colon biopsies in November 2011. AR 706-707.

While some radiology revealed mild to moderate spinal issues, Plaintiff's physical examinations generally revealed relatively mild objective findings. Dr. Patrick Soto, M.D., noted a dehydrated disc, mild disc bulging, and moderate to

severe arthrosis without neural compression in Plaintiff's February 2011 spinal MRI. AR 429. Plaintiff's examination resulted in normal neurological testing and straight leg testing, but some limited range of motion and tenderness. AR 411-412. Later x-rays in January 2013 revealed normal lumbar and thoracic spine, AR 958-961, and an April 2013 MRI of Plaintiff's spine revealed no changes since the February 2011 MRI. AR 972. The records regarding Plaintiff's back and neck problems do not corroborate her allegations of the level of debilitating pain.

Rheumatologic examinations also do not demonstrate a significant autoimmune condition that would result in the level of severity Plaintiff alleges. Plaintiff's physical examination in November 2012 with rheumatologist Dr. Michael Coan, D.O., resulted in a normal neurological test, no edema or restrictions in range of motion, only minor swelling, and minimal tenderness in the thoracic spine. AR 858-862. A follow up visit with Dr. Coan in February 2013 showed similar findings. AR 863-866. Blood testing did not reveal significant findings. *Id.*

While the medical record demonstrates some physical limitations to Plaintiff, the ALJ cited multiple examples in the medical record that do not corroborate the level of intensity in her symptoms that Plaintiff alleges. The ALJ properly carried his burden to demonstrate his reasoning to find Plaintiff not fully credible with regard to her self-reported symptoms.

### b. Mental Limitations

Likewise, the medical record also does not support the level of mental limitations Plaintiff alleges. Treatment notes from Dr. Joy White, Ph.D, do not demonstrate the level of mental limitations Plaintiff claims. Dr. White's records demonstrate Plaintiff's abilities to perform daily activities. AR 892. (Plaintiff's daily activities are discussed at length in the next section, *see infra* p. 16-17.) Dr. White's notes state that Plaintiff "does not feel she is as effective in her daily routine," but the records indicate only a slower pace in her routine, not substantially limiting effects. AR 892. Additionally, Dr. White's records indicate normal orientation, thought process, motor behavior, and affect, with just a mild depressed mood. AR 892-893.

Likewise, Dr. Everhart found Plaintiff to be able to complete her daily activities, as well as normal ranges in persistence and concentration. AR 349-352. Dr. Everhart noted that she did not observe "pain behavior," such as facial grimaces or shifting within the chair. AR 354. With regard to objective memory testing, Dr. Everhart noted the score may be unreliable because the high score on the "Rarely Missed Index" indicates malingering or lack of effort. AR 353.

A state evaluator of the records, Dr. Edward Beaty, M.D., confirmed the results of Dr. Everhart, including the evidence of malingering. AR 372. Dr. Beaty assessed a residual functional capacity that greatly influenced the ALJ and is

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14**

consistent with the medical record as a whole. AR 35, 372. This opinion is also compatible with that of state level evaluator, Dr. Jeffrey Merrill, M.D.[1] AR 111-113. Even Dr. Merrill's assessment of Plaintiff's credibility is listed as "partially credible" because the limitations alleged are far higher than those supported by the medical record. AR 111.

Only two doctors provide more than mild findings. Plaintiff does not allege error in the ALJ's decision to place less weight on the opinions of Drs. Debra Brown, Ph.D., and Dr. Islam-Zwart, but rather argues the opinions as evidence of Plaintiff's credibility. ECF No. 13 at 17. While the Court need not fully expand the issue of the weight given to each provider's opinion, it notes that the ALJ offers sufficient reasoning for discrediting their testimony as being inconsistent with the medical record and reliant on Plaintiff's subjective symptoms. Further, Dr. Brown's assessment, done for the State's DSHS, provides no objective reasoning. AR 380-387.

Plaintiff's testimony regarding her mental health treatment is also inconsistent with the medical record. Plaintiff testified that she was never recommended counseling, and that she didn't seek it out on her own because her family members had not been successful with counseling in the past. AR 70-71.

---

[1] The ALJ incorrectly refers to the records of Dr. Merrill as those of Dr. Christmas Covell, Ph.D., which precede Dr. Merrill's records. Both individual were State evaluators.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15**

However, the record demonstrates that she was recommended individual psychotherapy by Dr. White. AR 894, 918. Specifically, Dr. White indicated that Plaintiff would benefit from psychotherapy, "if adequately motivated," as she would be able to learn pain management techniques and better self-care behaviors. AR 918. Despite the recommendations, Plaintiff was discharged multiple times for failure to keep up with the treatment. AR 894, 918. The ALJ noted that Plaintiff's non-compliance indicated Plaintiff's symptoms are not as limiting as she suggests. AR 33. A failure to follow prescribed treatment is an additional reason to discredit a claimant. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

### ii. Plaintiff's daily activities

As alluded to in the medical record analysis, Plaintiff's daily activities were also important to the ALJ in determining Plaintiff's credibility. AR 41. The ALJ noted that despite her allegations of disabling symptoms, Plaintiff was able to care for her children and complete household chores, including meal preparation, laundry, dishes, and vacuuming. AR 28. Further, Plaintiff could drive, shop, and handle her finances. *Id.* She also was able to maintain a social life, although she avoided crowds. AR 28-29.

Lay testimony by Plaintiff's mother also supports that Plaintiff's level of functioning in daily activities does not accurately reflect the limitations Plaintiff alleges. Her mother provided a statement that Plaintiff is able to care for her

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16**

personal needs, as well as her dog and her children. AR 289. Plaintiff's mother corroborated the testimony that she can perform household chores, although "it takes longer." AR 290. Her mother also stated that Plaintiff has hobbies such as planting flowers and reading, and Plaintiff has regular communication with friends. AR 292. Finally, Plaintiff's mother noted no problems with Plaintiff's concentration or ability to follow directions. AR 292-294.

While one does not need to be "utterly incapacitated" to be eligible for benefits, *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), the record, including Plaintiff's own testimony, support the ALJ's decisions that her daily activities do not support the level of disability she alleges.

**C. The ALJ did not err in assessing Plaintiff's residual functional capacity, and the hypothetical posed to the vocational expert was complete.**

The ALJ considered all of Plaintiff's physical and mental limitations, consistent with the medical record, to determine her residual functional capacity. AR 28. One of the most important considerations made in assessing Plaintiff's limitations was an assessment of Plaintiff's credibility. As already determined, the ALJ properly assessed Plaintiff's credibility. *See supra*, p. 10-17.

Aside from credibility, Plaintiff does not specify how her alleged limitations were improperly disregarded by the ALJ in calculating her residual functional

capacity. Plaintiff does argue that the ALJ failed to take into account her limitations from her gastrointestinal problems, ECF No. 13 at 16; however, her gastrointestinal limitations were largely self-reported (such as frequent bathroom breaks and severe pain). The ALJ points to multiple abdominal CT scans and other objective gastrointestinal testing that failed to reveal acute symptoms beyond chronic constipation. AR 458-459, 463, 483-484, 542, 559, 706-707. At least one of her physicians attributed her constipation to diet and narcotic painkiller use. AR 463. The ultimate indicator of the limitations due to Plaintiff's gastrointestinal problems were self-reported issues, which stem back to credibility.

The ALJ's determination of the residual functional capacity is supported by the medical record. Specifically, objective evidence does not indicate the range of limitations put forth by Plaintiff. In his credibility analysis, the ALJ cites to much objective evidence in the record to support his conclusions. AR 30-37, *see also supra* p. 10-17.

An ALJ may reject restrictions in a hypothetical that are not supported by substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-1165 (9th Cir. 2001). The hypothetical posed to the vocational expert was based off this residual functional capacity. *See* AR 81-82. The ALJ was not required to include limitations were based on subjective complaints when he appropriately discounted

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 18

Plaintiff's testimony. The Court finds no error in the hypothetical posed to the vocational expert.

## VIII. Conclusion

Based on the foregoing, the Court finds the Commissioner's decision is free of legal error and supported by substantial evidence. Therefore, Defendant's Motion for Summary Judgment is granted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **GRANTED.**

3. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 14th day of January, 2016.

<em>s/Robert H. Whaley</em><br>
ROBERT H. WHALEY<br>
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 19